Michael P. Esser (SBN: 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500
Email: michael.esser@kirkland.com

Craig Primis, P.C. (admitted *pro hac vice*)
K. Winn Allen, P.C. (admitted *pro hac vice*)
Katherine Epstein (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: kate.epstein@kirkland.com

Attorneys for Defendant Meta Platforms, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROGALINSKI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　Defendant. | CASE NO. 3:22-CV-02482-CRB<br><br>**META PLATFORMS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:　　　　Hon. Charles R. Breyer<br>Hearing Date:　August 12, 2022<br>Time:　　　　10:00 A.M.<br>Courtroom:　　6 (via Zoom) |

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................1

I.     PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT META'S EDITORIAL DECISIONS CONSTITUTE STATE ACTION. ......................................................1

    A.     Plaintiff Fails To Plausibly Allege That The Government And Meta Are Joint Participants. ...................................................................................................2

    B.     Plaintiff Fails To Plausibly Allege A Sufficient Governmental Nexus. ..............6

CONCLUSION ......................................................................................................................7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Atkinson v. Meta Platforms, Inc.*,
    2021 WL 5447022 (9th Cir. Nov. 22, 2021) ............................................................................. 5

*Beckington v. Am. Airlines, Inc.*,
    926 F.3d 595 (9th Cir. 2019) ................................................................................................... 4

*Blum v. Yaretsky*,
    457 U.S. 991 (1982) ................................................................................................................ 2

*Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*,
    531 U.S. 288 (2001) ................................................................................................................ 6

*Burton v. Wilmington Parking Authority*,
    365 U.S. 715 (1961) ................................................................................................................ 6

*Children's Health Def. v. Facebook, Inc.*,
    546 F. Supp. 3d 909 (N.D. Cal. 2021) ................................................................................. 2, 5

*Collins v. Womancare*,
    878 F.2d 1145 (9th Cir. 1989) ................................................................................................. 2

*Daniels v. Alphabet Inc.*,
    2021 WL 1222166 (N.D. Cal. Mar. 31, 2021) ........................................................................ 7

*DeGrassi v. City of Glendora*,
    207 F.3d 636 (9th Cir. 2000) ................................................................................................... 7

*Doe v. Google LLC*,
    2021 WL 4864418 (N.D. Cal. Oct. 19, 2021) ...................................................................... 2, 7

*Fed. Agency of News LLC v. Facebook, Inc.*,
    432 F. Supp. 3d 1107 (N.D. Cal. 2020) ................................................................................... 2

*Freedom Watch, Inc. v. Google Inc.*,
    816 F. App'x 497 (D.C. Cir. 2020) .......................................................................................... 7

*George v. Pac.-CSC Work Furlough*,
    91 F.3d 1227 (9th Cir. 1996) ................................................................................................... 6

*Gorenc v. Salt River Project Agric. Improvement Power Dist.*,
    869 F.2d 503 (9th Cir. 1989) ................................................................................................... 6

*Hart v. Facebook Inc.*,
    2022 WL 1427507 (N.D. Cal. May 5, 2022) .............................................................. 1, 2, 4, 6

## TABLE OF AUTHORITIES (CONT'D)

Page(s)

*Heineke v. Santa Clara Univ.*,
    965 F.3d 1009 (9th Cir. 2020) ...................................................................................................1

*Huber v. Biden*,
    2022 WL 827248 (N.D. Cal. Mar. 18, 2022) ...............................................................................5

*Informed Consent Action Network vs. YouTube LLC*, --- F. Supp. 3d ----, 2022 WL
    278386 (N.D. Cal. Jan. 31, 2022) ................................................................................................5

*Jackson v. Metropolitan Edison Co.*,
    419 U.S. 345 (1974) .....................................................................................................................3

*Manhattan Cmty. Access Corp. v. Halleck*,
    139 S. Ct. 1921 (2019) ........................................................................................................1, 3, 7

*Naoko Ohno v. Yuko Yasuma*,
    723 F.3d 984 (9th Cir. 2013) .......................................................................................................2

*O'Handley v. Padilla*,
    --- F. Supp. 3d ----, 2022 WL 93625 (N.D. Cal. Jan. 10, 2022) .............................................3, 7

*Prager Univ. v. Google LLC*,
    951 F.3d 991 (9th Cir. 2020) ...................................................................................................1, 7

*Rutenburg v. Twitter, Inc.*,
    2022 WL 1568360 (9th Cir. May 18, 2022) ............................................................................3, 7

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) .......................................................................................................4

*Tatum v. Chrysler Grp. LLC*,
    2012 WL 6026868 (D.N.J. Dec. 3, 2012) ...................................................................................4

**INTRODUCTION**

Plaintiff's opposition does nothing to cure the fundamental defect in his Complaint: Meta is a private company, and the First Amendment "prohibits only ***governmental*** abridgment of speech." *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019); *Prager Univ. v. Google LLC*, 951 F.3d 991, 996 (9th Cir. 2020). Plaintiff claims that then White House Press Secretary Jen Psaki's July 15, 2021 press conference distinguishes this case from those rejecting attempts to transform online service providers into state actors based on their editorial decisions about content. Pls.' Resp. in Opp'n to Def.'s Mot. to Dismiss ("Opp'n") (ECF No. 57) at 2. But all Plaintiff alleges is that Ms. Psaki said the government was "flagging problematic posts" for Meta and that it had provided Meta with certain "proposed changes," Compl. (ECF No. 1) ¶ 22, Ex. A, which Plaintiff concedes were "clearly suggestions," Opp'n at 7. Under no test does that minimal communication turn a private company into a state actor. *See Hart v. Facebook Inc.*, 2022 WL 1427507, at *5–8 (N.D. Cal. May 5, 2022) (dismissing state-action claim that relied on Ms. Psaki's July 15 statements). Plaintiff provides no reason for this case to diverge from the others that have dismissed on state-action grounds First Amendment claims asserted against privately owned websites like those operated by Meta, including the mounting number of cases doing so in cases involving COVID-19-related content. Meta's Mot. to Dismiss ("Mot.") (ECF No. 51) at 1, 3–4 n.1.

**ARGUMENT**

**I.    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT META'S EDITORIAL DECISIONS CONSTITUTE STATE ACTION.**

To state a viable claim, Plaintiff needed to plausibly allege one of "a few limited circumstances" in which private entities can be treated as state actors for First Amendment purposes. *Halleck*, 139 S. Ct. at 1928; *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (Courts "begin 'with the presumption that private conduct does not constitute governmental action.'" (citation omitted)). But Plaintiff's opposition makes clear that his Complaint does no such thing. Plaintiff concedes that he is not arguing that the "proposed changes" the Biden administration "made to social media platforms, including" Meta, "be used as grounds to find that a joint action existed between the Defendant and the Federal Government." Opp'n at 7. Plaintiff agrees that "proposed changes" are "clearly suggestions." *Id.*

Plaintiff's concession leaves, however, only Ms. Psaki's comment about "flagging problematic posts" as the purported evidence of state action.  Compl. ¶ 22, Ex. A.  That alone cannot sustain his claim.  The decisions Meta made about Plaintiff's COVID-19-related posts were Meta's, not the government's, and so this Court should dismiss this action.

*First*, Plaintiff fails to plausibly allege that Meta acted jointly with the government as to the challenged "censorship" because he does not allege any connection between the purported collaboration and his specific content.  *Second*, for much the same reason, Plaintiff fails to plausibly allege a sufficient nexus between Meta and the government.  Plaintiff's opposition concedes that neither the public function nor government coercion exceptions apply.  Opp'n at 8–9 (describing the two "pertinent" state-action tests).  So neither can support his claim.

### A. Plaintiff Fails To Plausibly Allege That The Government And Meta Are Joint Participants.

"Joint action . . . requires a substantial degree of cooperative action," *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989), and must involve "the specific conduct of which the plaintiff complains," *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).  As Meta explained in its motion to dismiss, Plaintiff pleads no facts suggesting that any governmental entity or agent was personally involved in removing his posts.  Mot. at 9.

Plaintiff has basically no response to the point that he failed to allege joint action as to the specific censorship he complains about.  *See* Mot. at 7–8.  As Meta explained in its motion, all the alleged censorship occurred *before* Plaintiff's asserted evidence of coordination.  Mot. at 7; *Hart*, 2022 WL 1427507, at *6–7.  And courts uniformly reject state-action claims where "Plaintiffs fail[ed] to allege specific facts establishing the existence of an agreement or a meeting of the minds . . . relating to" the specific content that was removed.  *Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1126 (N.D. Cal. 2020) (no allegation Facebook acted jointly as to the plaintiff's page); *Children's Health Def. v. Facebook Inc.*, 546 F. Supp. 3d 909, 930–31 (N.D. Cal. 2021) (similar); *Doe v. Google LLC*, 2021 WL 4864418, at *5–6 (N.D. Cal. Oct. 19, 2021) (finding no joint action against YouTube where "there is no allegation that government officials were in the room or somehow directly involved in the decision to suspend Plaintiffs"), *appeal docketed*, No. 21-16934 (9th Cir. Nov. 18, 2021).

Plaintiffs only rejoinder is that, even if his Complaint does not allege specific**s with regards to him**, "the Complaint set forth . . . allegations indicating present censorship of the Class members," including the "12 persons" Ms. Psaki mentioned as producing vaccine misinformation. Opp'n at 5; Compl. ¶ 22, Ex. A at 16. But Ms. Psaki's full statement reads: "[T]here's about 12 people who are producing 65 percent of anti-vaccine misinformation on social media platforms. All of them remain active on Facebook . . . ." Compl. Ex. A at 16. So even assuming unnamed putative class members' injuries could save Plaintiff's Complaint (and they could not), Plaintiff's own evidence does not support joint action as to those accounts. Instead, the quoted portion shows disagreement between the Biden administration and Meta. *See also* Compl. ¶ 22, Ex. A ("Facebook needs to move more quickly"). And Plaintiff's Complaint does not otherwise mention those accounts, nor allege that they were later censored.

Plaintiff also argues that because Meta and the government share a "common unconstitutional goal," and because their "joint efforts" were "substantially cooperative," he alleges a valid joint action claim. Opp'n at 12–13. But not only does that argument ignore that a shared objective alone is not enough to establish joint action, Mot. at 8 (citing cases); *see, e.g.*, *O'Handley v. Padilla*, --- F. Supp. 3d ----, 2022 WL 93625, at *10–11 (N.D. Cal. Jan. 10, 2022) *appeal docketed*, No. 22-15071 (9th Cir. Jan. 18, 2022), Plaintiff also does not plausibly allege a common **unconstitutional** goal. Meta's decisions about what content to keep up or remove are themselves constitutionally protected. *Halleck*, 139 S. Ct. at 1932–33; *see* Mot. at 10. And Plaintiff never explains why a desire that the public "know[] and understand[] what is accurate and inaccurate," Compl. Ex. A at 16, is constitutionally infirm.

Plaintiff repeatedly claims that the lack of "smoking gun" evidence should not preclude his suit because he deserves discovery to explore his claim's validity. Opp'n at 7–9, 11, 19–20. (He makes the same argument for his nexus claim). He cites *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974), as support for the idea that discovery is often needed in state-action cases. Opp'n at 10–11, 20. But *Jackson* supports the exact opposite proposition; in that case, the U.S. Supreme Court affirmed the dismissal of a state-action claim at the motion to dismiss stage, finding the allegations lacking. 419 U.S. at 358–59. Rather than getting special treatment, state-action claims are subject to the normal requirement that a complaint must contain "'sufficient well-pleaded, nonconclusory factual allegation[s]' to state a plausible claim for relief." *Rutenburg v. Twitter, Inc.*, 2022 WL 1568360, at *1 (9th Cir. May 18, 2022)

(brackets in original) (quoting *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019)). For much the same reason, Plaintiff's attempt to bolster his case by arguing that his factual allegations stem from "ready admission by the State" and "direct observation of Plaintiff Rogalinski" finds no purchase. Opp'n at 18. The alleged source of Plaintiff's threadbare allegations does not alter the applicable standard, which Plaintiff does not meet.[1]

Having failed to match his allegations with the controlling case law, Plaintiff tries to distinguish recent cases rejecting joint action allegations. But Plaintiff's asserted distinctions are without a difference.

As Plaintiff concedes, just two months ago this Court expressly rejected a similar state-action claim that relied on Ms. Psaki's July 15, 2021 statements. In *Hart v. Facebook Inc.*, 2022 WL 1427507, at *7 (N.D. Cal. May 5, 2022), this Court found that Ms. Psaki's statements "are far too vague and precatory to suggest joint action." *Id.* That conclusion controls here.[2] Plaintiff provides three reasons *Hart* is not on point. None holds up. *First*, he claims that because this is a putative class action, it does not matter that Ms. Psaki's comments were made after the alleged censorship. Opp'n at 5. As already explained, the Complaint does not make sufficient joint action allegations about those individuals either, and in all events reference to hypothetical claims of unnamed putative class members cannot save his case. *See, e.g.*, *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 560 (9th Cir. 2010) ("When a named plaintiff has no cognizable claim for relief, 'she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail.'" (citations omitted)); *Tatum v. Chrysler Grp. LLC*, 2012 WL 6026868, at *4, *6 (D.N.J. Dec. 3, 2012). *Second*, Plaintiff simply disagrees with the *Hart* decision, claiming that Ms. Psaki's comments show "that the activity was not merely advisory, but rather taken in an effort to coerce compliance from the Defendant." Opp'n at 6. But to support that claim, he points to the statement that the federal government was "flagging problematic posts for Facebook." *Id.* (quoting Compl. Ex. A

---

[1] Plaintiff also asserts that Meta and the government's joint efforts must be "substantially cooperative" because "[t]here's no indication that Facebook was forced into its part of this endeavor, nor did the Defendant file any lawsuits to prevent such influence from the State." Opp'n at 12–13. But Plaintiff missed a step and failed to plausibly allege that Meta and the government substantially cooperated at all.

[2] This Court also found that the allegations "ha[d] no particularized connection to" the plaintiff in that case. *Hart*, 2022 WL 1427507, at *7. The same is true here.

at 15).  Nothing in that plain language suggests an intent to "coerce compliance," *see id.*, let alone any actual plan to do so, and certainly not specifically as to Plaintiff and his content.

Plaintiff claims that *Children's Health Defense* is distinguishable because the "worked-in-concert" allegations in that case were too general.  Opp'n at 16–17.  But in *Children's Health Defense* the plaintiffs cited a statement from Mark Zuckerberg explaining that Meta "work[ed] with" the CDC "to remove clear misinformation about health-related issues."  *Children's Health Def.*, 546 F. Supp. 3d at 928.  That statement—which is much like Ms. Psaki's statements here—was insufficient to allege state action, because "simply alleging that Facebook and the CDC are 'working together' or 'partnering' . . . does not allege that the **specific acts** challenged . . .were made pursuant to a CDC policy."  *Id.* at 930 (emphasis added).  So too here.

Plaintiff similarly attempts to distinguish *Informed Consent Action Network vs. YouTube LLC*, --- F. Supp. 3d ----, 2022 WL 278386 (N.D. Cal. Jan. 31, 2022), claiming that in that case, "all of the cited statements . . . were vague generalizations, not specific undertakings."  Opp'n at 15–16.  But, again, the allegations in that case have much in common with those here.  There, plaintiffs referenced statements by the defendant, YouTube, that it was "committed to working with Members of Congress," and statements from those Members of Congress, and statements from the media about Members of Congress working "directly with" the defendant.  Am. Compl., *Informed Consent Action Network v. YouTube LLC*, No. 4:20-CV-09456-JST, 2021 WL 4243487 (N.D. Cal. Mar. 29. 2021), ECF No. 42 (emphasis & citation omitted).  But the court held that was not enough "to show that the Government was a 'joint participant in the challenged activity.'"  *Informed Consent Action Network*, 2022 WL 278386, at *4 (citation omitted).

Plaintiff's other attempts to sideline the recent on-point cases fare no better.  In *Huber v. Biden*, 2022 WL 827248 (N.D. Cal. Mar. 18, 2022), the court held that "statements about working together with the government to prevent the spread of misinformation do not equate to working in concert to violate constitutional rights."  *Id.* at *7.  Plaintiff in that case made similar allegations to those here, and relied on statements of White House officials and Twitter to attempt to bolster her claim.  *E.g.*, First Am. Class Action Compl. ¶¶ 42, 48–49, 51–52, *Huber v. Biden*, No. 3:21-cv-06580-EMC, 2021 WL 8267971 (N.D. Cal. Oct. 25, 2021), ECF No. 43.  In *Atkinson v. Meta Platforms, Inc.*, 2021 WL 5447022 (9th Cir. Nov.

22, 2021), the Ninth Circuit affirmed the dismissal of allegations including censorship "in direct coordination and cooperation with state governments," Suppl. Compl. ¶¶ 38–39, *Atkinson v. Facebook, Inc.*, No. 3:20-cv-05546-RS (N.D. Cal. May 22, 2020), ECF No. 48.  In sum, the weight of case law counsels towards dismissal, and Plaintiff's attempts to avoid that conclusion fall flat.

### B.  Plaintiff Fails To Plausibly Allege A Sufficient Governmental Nexus.

To succeed under the nexus test, Plaintiff must "demonstrate sufficiently close state involvement" in the decision to remove his posts.  *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1230–31 (9th Cir. 1996) (per curiam).  Plaintiff does not dispute that point.  *See* Opp'n at 10 (to show state action, "the circumstances surrounding this case would need to suggest that the State 'provided significant encouragement (either overt or covert) that the choice is effectively that of the State.'" (citation omitted)).

But, as Meta explained, Mot. at 9, n.2, Plaintiff's allegations fail the nexus test for the same reasons they fail the joint action test: Plaintiff alleges nothing suggesting that the government was specifically involved in removing his posts, and the general allegations that Meta and the government both want to limit misinformation are a far cry from "fairly" justifying treating Meta's actions "as that of the state itself."  *Gorenc v. Salt River Project Agric. Improvement Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989).

Plaintiff argues that he meets that test because the Complaint plausibly alleges that the "State identified 'problematic' posts, and the Defendant removed them – as such, the State played a material role in the challenged activity."  Opp'n at 11.  But, again, Plaintiff alleges no link between Ms. Psaki's comments about "flagging" posts for Meta and the specific posts he complains were taken down or "censored."  And each instance he complains about took place before those comments were made.  Compl. ¶¶ 22, 37, Exs. A–D; Mot. at 7; *Hart*, 2022 WL 1427507, at *6–7.

Plaintiff's cited cases have no bearing here.  In *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 299–300 (2001), the Supreme Court agreed that "an organization of public schools represented by their officials acting in their official capacity" where the "public school officials[] . . . do not merely control but overwhelmingly perform all but the purely ministerial acts" for the organization, was a state actor.  That fact pattern bears no relation to this case.  In *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 716–17 (1961), the Court held that a business that was a part of a state-owned public facility was subject to the Fourteenth Amendment.  Again, there are no similarities

here. Plaintiff's overlength brief does not identify a single case finding a nexus (or even allowing discovery to proceed) on similar facts. Instead, as explained in Meta's motion to dismiss and above, courts uniformly find that Meta and companies like it are not state actors. Mot. at 1, 3–4 n.1 (citing cases).

Plaintiff has no response to Defendant's cited cases rejecting nexus claims, including *Daniels v. Alphabet Inc.*, 2021 WL 1222166, at *7 (N.D. Cal. Mar. 31, 2021); Mot. at 3–4 n.1, 7–8, in which the court held that allegations that members of Congress "wanted certain kinds of [content related to the COVID-19 pandemic] removed and that [plaintiff's content] fell within that category" were insufficient. Nor does he address *O'Handley*, 2022 WL 93625, at *10–11, or *Doe*, 2021 WL 4864418, at *5–6, two other recent cases from this district rejecting nexus allegations brought against website owners. *See* Mot. at 8–9.³

Plaintiff also asserts that, because he "specifically alleged that the Defendant was a 'state actor,'" his Complaint should survive. Opp'n at 18. But "a bare allegation . . . will not overcome a motion to dismiss." *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000); *O'Handley*, 2022 WL 93625, at *9. And Plaintiff's allegations should not either.

\* \* \* \* \*

Plaintiff does not respond to Meta's argument that the First Amendment **protects** Meta's right to exercise "editorial control over speech and speakers on [its] properties or platforms." *Halleck*, 139 S. Ct. at 1932–33; *see* Mot. at 10. At bottom, Plaintiff complains about Meta's exercise of its own "First Amendment rights that would be jeopardized by a Court order telling [it] what content-moderation policies to adopt and how to enforce those policies." *O'Handley*, 2022 WL 93625, at *15.

## CONCLUSION

For those reasons, Meta requests that the Court dismiss Plaintiff's Complaint with prejudice.

---

³ Plaintiff also attempts to distinguish three recent cases rejecting state-action claims premised mainly on a nexus or public function: *Rutenburg v. Twitter, Inc.*, 2022 WL 1568360 (9th Cir. May 18, 2022), *Prager University v. Google LLC*, 951 F.3d 991 (9th Cir. 2020), and *Freedom Watch, Inc. v. Google Inc.*, 816 F. App'x 497 (D.C. Cir. 2020) (per curiam). But each rejected attempts to transform online service providers into state actors, and each re-affirmed the same basic principles of law that bar Plaintiff's claim.

1 | Dated: July 28, 2022

Respectfully submitted,

KIRKLAND & ELLIS LLP

*s/ Michael P. Esser*
Michael P. Esser (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400 / Fax: (415) 439-1500
Email: michael.esser@kirkland.com

Craig Primis, P.C. (admitted *pro hac vice*)
K. Winn Allen, P.C. (admitted *pro hac vice*)
Katherine Epstein (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 389-5000 / Fax: (202) 389-5200
Email: craig.primis@kirkland.com
Email: winn.allen@kirkland.com
Email: kate.epstein@kirkland.com

*Attorneys for Defendant Meta Platforms, Inc.*